UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:14-cv-01484-CAS9VBKx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | STACEY BOGAN ET AL. V. JPMORGAN CHASE BANK, N.A. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants

Not Present  Not Present

**Proceedings:**   **(In Chambers:)** PLAINTIFFS' MOTION TO REMAND (Dkt. 14, filed March 10, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of April 7, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On January 27, 2014, plaintiffs Stacey Bogan, Francis Cass, James Hadfield, Adolfo Hernandez, Staci Kapphan, Renee Kennedy, Frank Ketscher, Vayhao Khounmeuang, Ernest Khoury, Nancy Land, Nancy Lanterman-Hooge, Larry Lariza, Brian Leeper, Rudy Leon, Carole Lockwood, Rael Manlapas, Marcial Serrano Martinez, Marcel Masse, Roxanne McNiel, Alexandria Meza, Fredrick B. Mick, Rory J. Muniz, Larry Nash, Alfredo Nieto, Jorge Luis Nieves, Gladys Nwufo, Eric Olson, Barry Peele, Ethel Potts, Warner Ratcliff, Martha Ray, Patrick Ricci, Brett Richter, Michael Roberts, Paul Romero, Daniel Ruiz, Emmitt Sampson, Arturo Sanchez, Eugene Sawyer, Taron Scott, Saeed Shafa, Cynthia Siller, Monte Skiles, Roger Slayton, Eric Stabb, Richard Stampone, Cynthia Steinke, Istvan Steve Szatmari, Shirley Tasin, Elenoa Tatola, Robert Thomas, Elizabeth Tilahun, Linda Vance, Marilyn Victoria, Barbara Wells, Marilyn Williams, Cynthia Wright, Gary A. Wright, Keith Wright, Stephen Yager, and Mary Zahler filed this case in Los Angeles County Superior Court against defendants JP Morgan Chase & Co., JP Morgan Chase Bank, and Does 1-25. In brief, plaintiffs assert that defendants participated in a scheme to defraud plaintiffs by "securitizing" their mortgages. Compl. ¶ 2. Plaintiffs assert claims for (1) fraud, (2) conspiracy to commit fraud, (3) conversion, (4) conspiracy to convert, (5) violation of the Rosenthal Fair Debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01484-CAS9VBKx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | STACEY BOGAN ET AL. V. JPMORGAN CHASE BANK, N.A. ET AL. | | |

Collection Practices Act, Cal. Civ. Code § 1788 et seq., (6) Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 et seq. and (7) unjust enrichment.

On February 27, 2014, defendants removed the case to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332 because of diversity of citizenship. On March 10, 2014, plaintiffs moved to remand this case to Los Angeles County Superior Court. Dkt. 14. On March 17, 2014, defendants filed their opposition. Dkt. 18. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01484-CAS9VBKx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | STACEY BOGAN ET AL. V. JPMORGAN CHASE BANK, N.A. ET AL. | | |

subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III.   DISCUSSION

Plaintiffs contend that this Court lacks subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332.  Plaintiffs' complaint repeatedly sets forth the following limitation on plaintiffs' claims for reliefs:

> All inclusive, each Plaintiff is seeking damages of no more than $75,000.00 total.  It is Plaintiffs' desire and decision to avoid federal jurisdiction by avoiding any matters involving a federal question in this Complaint and by requesting damages of no more than $75,0000 for each plaintiff.

Compl. ¶¶ 142, 149, 158, 164, 174, 187, 195.  Because each plaintiffs' claims arises out of different mortgages, the various plaintiffs' claims are "separate and distinct," and thus cannot be aggregated for purposes of diversity jurisdiction.  See Schwarzer, supra, § 2:1914.  Accordingly, plaintiffs reason, the complaint caps the amount in controversy below the jurisdictional threshold, and thus prevents this Court from having diversity jurisdiction.

Defendants respond that the complaints' disclaimer is illusory.  The gravamen of plaintiffs' complaint is that the securitization of plaintiffs' mortgages deprived defendants of the authority to collect mortgages payments from the plaintiffs.  Because these mortgages all exceed $75,000 in value, see Murton Decl. ¶ 3.  Defendants specifically rely on the complaint's request for "temporary, preliminary, and permanent injunctive relief as appropriate."  Compl. at 40.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  Here, defendants contend, the object of this litigation is to vest plaintiffs with title of their houses free and clear of the liens securing the now-securitized mortgages.  In such circumstances, the amount in controversy is most properly measured by the value of the mortgages at issue.  See Delgado v. Bank of Am. Corp., 2009 WL 4163525 at *6 (E.D. Cal. Nov. 23, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01484-CAS9VBKx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | STACEY BOGAN ET AL. V. JPMORGAN CHASE BANK, N.A. ET AL. | | |

The Court begins its analysis with two general principles of federal jurisdiction. First, the Court strictly construes the removal statutes against removal jurisdiction. See Gaus, 980 F.2d at 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Accordingly, ""[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court."" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-290 (1938)).

The second relevant principal of federal jurisdiction is that plaintiffs are "master[s] of [their] complaint." Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). As such, "if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal." 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.). Although a defendant can show that, notwithstanding the limitation in the complaint, the amount in controversy in fact exceeds the jurisdictional minimum, the defendant's "burden of proof must be a heavy one." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)

Here, plaintiffs have expressly availed themselves of their right to circumvent federal jurisdiction by avoiding federal claims and limiting their claims to less than $75,000. Although defendants are correct that plaintiffs' "securitization" argument could, in theory, deprive defendants of property interests worth more than $75,000, plaintiffs are nonetheless entitled to disclaim any intent to pursue their argument to its logical conclusion. "If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938). Here, plaintiff has resorted to just such an expedient, and the Court therefore concludes that this case should be remanded to Los Angeles County Superior Court.

The Court reaches this conclusion with the understanding that plaintiffs will continue to adhere to their disclaimer of any intent to pursue any relief in excess of the jurisdictional threshold. Should this understanding prove incorrect—if, for example, plaintiffs seek injunctive or declaratory relief that would invalidate the entirety of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-01484-CAS9VBKx) | Date | April 2, 2014 |
|---|---|---|---|
| Title | STACEY BOGAN ET AL. V. JPMORGAN CHASE BANK, N.A. ET AL. | | |

mortgages—it may be necessary for this Court to revisit the question of its subject matter jurisdiction.

Plaintiffs also request an award of attorney's fees pursuant to 28 U.S.C. § 1447. Section 1447(c) authorizes courts to "award attorney's fees . . . where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the Court concludes that defendants did not lack an objectively reasonable basis for their removal, and thus declines to award fees.

## IV.   CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiffs' motion to remand. This case is hereby remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.

00:00

| | Initials of Preparer | CMJ |
|---|---|---|